UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT R. LINCOLN,

      Petitioner,                              Case No. 16-cv-13577
                                                  Hon. Matthew F. Leitman

v.

CARMEN D. PALMER,

      Respondent.

_____/

## ORDER (1) DISMISSING ORDER TO SHOW CAUSE (ECF #3), (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1), (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Scott Robert Lincoln ("Lincoln") is a state prisoner currently confined at the Michigan Reformatory in Ionia, Michigan. On January 4, 2016, Lincoln pleaded guilty in the Oakland County Circuit Court to the charges of operating while impaired, (OWI) third offense, Mich. Comp. Laws § 257.625, and driving with a suspended license, second offense, Mich. Comp. Laws § 257.904. (*See* ECF #1 at 1, 18, Pg. ID 1, 18.) Lincoln was also subject to a sentencing enhancement for being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. (*See id.*) The state trial court sentenced Lincoln to a term of imprisonment of 36 months to 20 years. (*See id.*)

1

On October 7, 2016, Lincoln filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1.)   In the Petition, Lincoln contends that the state trial court erroneously failed to give him credit for 68 days that he spent in custody before his sentencing. (*See id.* at 2, Pg. ID 2.)

On October 19, 2016, the Court ordered Lincoln to show cause in writing why it should not summarily dismiss the Petition (the "Show Cause Order"). (ECF #3.) Specifically, the Court ordered Lincoln to explain why his claim was not barred by the rule that "[a] state court's alleged misinterpretation of state sentencing guidelines and *crediting statutes* is a matter of state concern only." *Howard v. White*, 76 Fed. App'x 52, 52-53 (6th Cir. 2003) (emphasis added). *See also Travis*, 925 F.2d at 1097 ("Because application of presentence jail time to a subsequent sentence is a legislative grace and not a constitutional guarantee, the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction").

Lincoln responded to the Show Cause Order on November 14, 2016. (*See* ECF #4.)   In his response, Lincoln argues that the rule articulated in *Howard* and *Travis* does not apply here because he is actually claiming that the state trial court violated his *federal* constitutional rights.   Lincoln says that the state trial judge violated his rights under the Due Process Clause when the judge "arbitrar[ly]"

2

refused to credit him for the 68 days he spent in custody prior to his sentencing. (*See* Lincoln Resp., ECF #4 at 1, Pg. ID 37.)

No matter the label that Lincoln places on his claim, the gist of the claim is that the state trial court violated a state sentence-credit statute when it failed to give him credit for the time he served in custody prior to his sentencing. Lincoln has failed to persuade the Court that such a claim is cognizable under 28 U.S.C. § 2254. *See Howard* and *Travis*, *supra*.

And even if Lincoln is presenting a federal claim concerning the denial of sentencing credit, he would still not be entitled to habeas relief. Lincoln says that he presented his sentence-credit claim to the Michigan Court of Appeals in an Application for Leave to Appeal (*see* Petition at 2, 6, Pg. ID 2, 6), and that court denied the Application "for lack of merit in the grounds presented." (*Id.* at 16, Pg. ID 16.) The decision by the state appellate court was an adjudication on the merits. *See*, *e.g.*, *Hynes v. Birkett*, 526 Fed. App'x 515, 519 (6th Cir. 2013) ("[T]he order of the Michigan Court of Appeals denying [Petitioner's] delayed application for leave to appeal 'for lack of merit in the grounds presented' was an adjudication 'on the merits' under AEDPA"). Thus, Lincoln is not entitled to relief unless the state court's decision was "contrary to" or resulted in an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1).

Lincoln has failed to make such a showing here.   He has not cited a single Supreme Court case that addresses the circumstances presented here (or circumstances resembling this case).   He has simply cited (what he claims to be) the general rule that a state court violates a petitioner's federal constitutional rights if it acts in an "unreasonable, arbitrary, or capricious" fashion. (Show Cause Resp., ECF #4 at 4, Pg. ID 40.)   But he has failed to show that either the state trial court or the Michigan Court of Appeals acted *arbitrarily*.   Indeed, Lincoln says nothing about why the state trial court refused to give him credit for his time in custody, nor has he pointed to any acts or statements by either state court that could evidence arbitrary or capricious conduct.   At most, Lincoln has shown that the state courts made an error of state law in denying him credit; he has not demonstrated that those courts acted capriciously in doing so.   Accordingly, he has not shown any error under the constitutional standard that he proposed, and he has certainly not demonstrated that the state courts unreasonably applied clearly established federal law.

Accordingly, for the reasons stated above, the Show Cause Order (ECF #3) is **DISMISSED** and the Petition (ECF #1) is **DENIED**.

In order to appeal the Court's decision, Lincoln must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C.

4

§ 2253(c)(2). To demonstrate this denial, an applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Here, jurists of reason would not debate the Court's conclusion that Lincoln has not met the standard for a certificate of appealability because his claim is devoid of merit. The Court will therefore deny a certificate of appealability. The Court will also deny permission to appeal *in forma pauperis* because any appeal of this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   December 13, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 13, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

5